UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GEORGE A. NICHOLLS,

                              Plaintiff,               **MEMORANDUM  DECISION
                                                          AND ORDER**

              -against-                                07 Civ. 6789 (KMK) (GAY)

PHILIPS SEMICONDUCTOR
MANUFACTURING, et al.,

                              Defendants.
-------------------------------------------------------------X


## I.  BACKGROUND

        Defendant Philips Semiconductor Manufacturing, now known as NXP

Semiconductors, Inc. ("NXP"), seeks a protective order in connection with this action to

(1) protect privileged communications between defense counsel and former NXP

employees related to the employee's conduct, knowledge or communications with

counsel; (2) prevent plaintiff Nicholls' counsel from conducting or attempting to conduct

*ex parte* communications with former NXP employees who are "trial consultants" or who

have assisted defense counsel in preparing the defense of this action; and (3) preclude

plaintiff's counsel from obtaining copies of any written communications between

defendant's in-house or outside defense counsel and Wendy Arienzo, Ph.D.  Of the

latter, defendant specifically identifies an e-mail correspondence between Arienzo and

in-house counsel, Jill Sprague, Esq., dated May 12, 2009, to include among the would-

be protected documents.

        Plaintiff contends that the protective order defendant seeks is overly broad in

that defendant (1) arbitrarily designated former employees as "trial consultants;" (2) seeks to protect unidentified individuals who assisted defense counsel in preparing for the defense of this action; and (3) seeks to preclude discovery of any post-employment communication between Wendy Arienzo and either in-house or defense counsel. Plaintiff asserts that defendant bears the burden to establish that a privilege exists, and here, defendant fails to meet such burden. Furthermore, plaintiff contends that it has not and will not seek to obtain privileged information through *ex parte* communications with defendant's former employees.

## II. DISCUSSION

Rule 26(b) of the Federal Rules of Civil Procedure ("FRCP") provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Additionally, "'counsel for all parties have a right to interview an adverse party's witness . . . in private, without the presence or consent of opposing counsel . . . .'" G-I Holdings, Inc. v. Baron & Budd, 199 F.R.D. 529, 533 (S.D.N.Y. 2001) (citations omitted). Nonetheless, a party seeking to protect privileged information during the discovery phase may move before the presiding court for a protective order. Fed. R. Civ. P. 26(c). Upon good cause shown, the court may issue the protective order if said order would protect the moving party "or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. The party seeking the restriction on discovery "has the burden of proving the propriety of a protective order, and in order to overcome the presumption of liberal discovery, the movant must establish 'good cause.'" Giarraffa v. Anderson Corp., No. 88 Civ. 2490, 1990 WL 129982, at * 1 (E.D.N.Y. Aug. 27, 1990) (citations omitted).

2

Further, "[w]here a party seeks a protective order on the grounds that the information sought is protected by the attorney-client privilege, that party has the burden of establishing the essential elements of the privilege." G-I Holdings, Inc, 199 F.R.D. at 533 (citations omitted). Thus, here, defendant must establish that (1) the communications at issue were made by a corporation's employee to counsel for said corporation, acting as such; (2) such communications were at the direction of corporate superiors in order to secure legal advice from counsel; (3) the communications concerned matters within the scope of the employee's corporate duties; and (4) the employee was sufficiently aware that he or she was being questioned in order that the corporation could obtain legal advice. Upjohn v. United States, 449 U.S. 383, 394-395 (1981).

Where the corporate employee is a former employee, communications (1) which occurred during employment remain privileged; (2) of whose "nature and purpose" was for the corporation's counsel to learn facts related to a legal action that the former employee was aware of as a result of his or her employment, are privileged regardless of when they occurred; and (3) between a corporation's counsel "and a former employee whom counsel does not represent, which bear on or otherwise potentially affect the witness' testimony" are *not* privileged. Peralta v. Cendant Corp., 190 F.R.D. 38, 41-42 (D. Conn. 1999) (emphasis added). See also Price v. Porter Novelli, Inc., No. 07 Civ. 5869, 2008 WL 2388709, at *1-2 (S.D.N.Y. June 11, 2008). Moreover, communications between a corporation's counsel and former employee which are counsel's "legal conclusions or legal opinions that reveal [the corporation's] legal strategy" may be protected by the work-product doctrine. Peralta, 190 F.R.D. at 42.

3

See also Surles v. Air France, No. 00 Civ. 5004, 2001 WL 815522, at *6 (S.D.N.Y. July 19, 2001) (citation omitted).

### A.  Privileged Communications and Former Employees

Here, defendant seeks to protect privileged communications between its counsel and former employees "related to the employee's conduct, knowledge or communications with counsel."  As stated above, (1) *privileged* communications between defense counsel and former employees, which occurred *during* the latter's employment at NXP, and (2) any communications, occurring at anytime, between defense counsel and former employees, whose "nature and purpose" was for defense counsel to learn facts related to this legal action and which the former employee was aware of as a result of his or her employment at NXP remain privileged.  Plaintiff's counsel asserts that he does not seek such information.  As such, the Court concludes that defendant has not met its burden to establish "good cause" for a protective order.

### B.  *Ex Parte* Communications

Defendant also seeks to prevent plaintiff's counsel from having *ex parte* communications with former employees who are "trial consultants" or assisted defense counsel in the preparation of this action.  Specifically, defendant identifies former employees Arienzo (the highest ranking managerial employee at the Fishkill facility when plaintiff was separated from NXP) and Michelle Bibeault (the highest ranking human resources representative at the Fishkill facility around the same time or shortly after plaintiff's separation) as such persons whose communications should be subject to a protective order.  *Ex parte* interviews of former employees are generally

4

"recognized as having an important role in information gathering."  G-I Holdings, Inc,

199 F.R.D. at 533.  However, communications between defense counsel and former

employees who are trial consultants or assist in the defense of litigation may be

protected by attorney-client privilege or the work-product doctrine.  See, e.g., Polycast

Tech. Corp. v. Uniroyal, Inc., 129 F.R.D. 621, 628-29 (S.D.N.Y. 1990); Surles, 2001 WL

815522, at *6 (citations omitted).

 Here, the defendant merely asserts conclusory statements that Arienzo and

Bibeault are "trial consultants" and "have been extensively involved . . . in preparing for

the defense of this action."  In addition, Arienzo stated in her deposition that she did not

discuss litigation strategy with defense counsel.  Pl. Ex. 4, Arienzo Tr. 301:10-304:5.  In

any event, defendant has failed to identify specific privileged communications that might

be in jeopardy.  See Polycast Tech. Corp., 129 F.R.D. at 629. Thus, defendant has

failed to carry its burden of justifying the protective order described herein.

  C.  Written Communications with Wendy Arienzo

 Finally, defendant seeks a broad protective order of all written communications,

including e-mails, between Arienzo and in-house or outside defense counsel.  However,

defendant must still meet the burden of proof regarding whether such documents are

privileged and that a protective order is necessary, as discussed above.  As proposed,

defendant does not set forth specific evidence as to why all such written

communications contain privileged information thus justifying the protective order.

Furthermore, it does not appear that plaintiff seeks all such communications.  Thus, the

Court concludes that defendant has not met its burden to establish "good cause" for a

protective order covering all such written communication.

Nonetheless, defendant specifically identifies a May 12, 2009 e-mail between Arienzo and Sprague that he seeks to preclude from plaintiff's discovery. Defendant contends that NXP still considered Arienzo a representative of the corporation when Sprague sent the e-mail, and, as such, it is a privileged communication. Plaintiff contends that defendant failed to establish that said e-mail is privileged. In determining whether a protective order is appropriate here, the Court seeks to balance plaintiff's hardship if it were denied access to said e-mail with defendant's need for confidentiality. See G-I Holdings, Inc, 199 F.R.D. at 533 (citations omitted). Accordingly, said e-mail shall be submitted to the chambers of the undersigned for *in camera* review within five days of the date of this Memorandum Decision and Order.

## III. CONCLUSION

Under the circumstances herein, the Court denies defendant's request for a protective order. Further, the Court orders defendant to submit the May 12, 2009 e-mail between Arienzo and Sprague for *in camera* review within five days of this Memorandum Decision and Order. The undersigned reserves on its decision on said matter pending inspection of the e-mail.

Date:  July 27, 2009

       White Plains, New York

SO ORDERED:

_____

GEORGE A. YANTHIS

UNITED STATES MAGISTRATE JUDGE

6